1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROY B. BOSWELL,

                Petitioner,

    v.

MELISSA ANDREWJESKI,

                Respondent.

CASE NO. 3:23-cv-05095-DGE-BAT

**REPORT AND
RECOMMENDATION**

      Petitioner Roy B. Boswell was convicted in Pierce County Superior Court case number 18-1-00587-8, for count 1, second degree domestic assault, count 2 assault in the second degree, count 3 unlawful possession of a firearm in the second degree, and count 4 bail jumping. *See* habeas petition, Dkt. 4 at 1; Dkt., Exhibit 1. Petitioner seeks 28 U.S.C. § 2254 habeas relief from his Pierce County conviction in count 2, raising one ground for relief: "Insufficient evidence to support second degree assault as charged in count II." *Id.* at 5 and 15.[1]

      On February 7, 2023, the Court directed service of the habeas petition. Pursuant to the service order, Respondent filed a response to the petition on March 24, 2022, and noted the

---

[1] Petitioner also indicates he has a Franklyn County criminal conviction that is pending in the state courts. *Id.* at 4. That conviction is unrelated to the habeas relief sought in the present petition and thus not before the Court. Additionally, any federal habeas challenge to the Franklyn County conviction must be brought in the Eastern District of Washington because Petitioner was convicted in and is currently imprisoned in the Eastern District of Washington. *See* 28 U.S.C. § 2241(d).

REPORT AND RECOMMENDATION - 1

matter for April 21, 2023, for the Court's consideration. Also pursuant to the service order, any

opposition Petitioner wished to file against Respondent's response was due on Monday, April

17, 2023. The Court has reviewed the parties' pleadings, the state court record that was

submitted and the balance of this court's record and recommends: (1) Petitioner's request for an

evidentiary hearing be DENIED; (2) the § 2254 habeas petition be DENIED, and the case be

DISMISSED with prejudice; and (3) If this recommendation is adopted by the assigned District

Judge, issuance of a certificate of appealability (COA) be DENIED.

## BACKGROUND

After Petitioner was convicted by a Pierce County jury and was sentenced, he filed a

direct appeal. On August 4, 2021, the Washington Court of Appeals affirmed his convictions.

*State v. Boswell*, 19 Wn.App.2d 1004 (Div. 3, 2021). The Washington Court of Appeals noted

Petitioner had been convicted of unlawful possession of a firearm in the second degree and two

counts of second-degree assault. The Court affirmed Petitioner's convictions but remanded for

resentencing in light of the decision in *State v. Blake*, 197 Wn.2d 170 (2021). In affirming the

convictions, the Washington Court of Appeals summarized the facts regarding Petitioner's case

as follows:

> Kristin Power made a call to 911 after being attacked from behind
> by Roy Boswell. She had been out with her youngest son and her
> friend, Ryan Buie, at the time when Boswell pulled up in a car.
> Boswell and Power had dated for a time in 2017 before recently
> breaking up.
>
> Patrol officer Matthew Arasim arrived approximately 15 minutes
> after the call. He saw a red Hyundai Sonata parked in the alley
> behind Power's apartment building. There was a loaded firearm
> under the left front tire of the Hyundai. The firearm was tested and
> functioned properly.
>
> Power's jaw was broken from the assault and she had to go to the
> emergency room to get her jaw wired shut. While there, Power was

REPORT AND RECOMMENDATION - 2

asked routine questions about what happened from the doctor. She said she was punched on the right side of her face four times and threatened with a weapon.

The day after the assault, Power filed a petition for a protection order. In the petition, Power described Boswell punching her in the face repeatedly and pulling a gun on her friend Buie before running away and leaving his car. Power signed the petition under penalty of perjury.

The State charged Boswell with unlawful possession of a firearm in the second degree and two counts of assault in the second degree, one count for punching Power in the face and breaking her jaw and the other count for pointing a firearm at Buie. In addition, the State alleged a firearm enhancement and an aggravator for the charge related to Power and a firearm enhancement for the charge related to Buie. The State subsequently added a bail jumping charge after Boswell absconded to California.

While awaiting trial, Boswell made a number of jail calls to Power and to his mother. In these calls, he told Power he was "not taking that gun because that shit was not on me when I got caught." Ex. 98. He also told his mother he left the gun in the car. Power told Boswell she hoped he would beat it, referring to the charges.

At trial, Power and Buie denied that Boswell was the attacker. The State offered testimony from Officer Robert Hannity as impeachment evidence. Officer Hannity testified that Buie and Power both told him that Boswell had punched Power four times and had pulled a gun on Buie.

The State also had Power's petition for a protection order admitted as impeachment evidence. Boswell objected and argued that the petition was not relevant and cumulative. The trial court overruled the objection and noted that the petition contained key evidence pertinent to the charges.

After the State concluded its case, Boswell moved to dismiss the second degree assault charge related to Buie. He argued the State presented insufficient evidence to sustain the charge because Buie denied he was assaulted or that he saw a weapon. Boswell argued that Power's petition had been admitted only for impeachment purposes. The State argued there had been no limiting instruction and the petition was signed under penalty of perjury so it was not hearsay under ER 801(d)(1). The trial court denied Boswell's

REPORT AND RECOMMENDATION - 3

1

2

motion to dismiss and noted that the petition was a sworn
statement and thus admissible as substantive evidence.

3

4

The parties submitted the case to the jury. It returned guilty
verdicts on all counts and found that the State had proved the
firearm enhancements and an aggravator beyond a reasonable
doubt.

5    *Id.*, *see also* Dkt. 4, Exhibit 9.

6          The Court of Appeals rejected Petitioner's argument there was insufficient evidence to

7    support the second-degree conviction and weapons enhancements as to Mr. Buie. The Court of

8    Appeals found:

9

10

11

Boswell contends there was insufficient evidence to support the
second degree assault conviction related to Buie and the two
firearm enhancements. He argues the evidence does not show
beyond a reasonable doubt that he was armed with a firearm during
the confrontation with Power and Buie. We disagree.

12

13

14

15

16

17

18

Due process requires that the State prove each element of the crime
beyond a reasonable doubt. *O'Hara*, 167 Wn.2d at 105. This
standard also applies to any charged enhancement. *See State v.
Dyson, 189* Wn. App. 215, 225, 360 P.3d 25 (2015) (Any fact that,
by law, increases the penalty for a crime is an element that must be
submitted to the jury and found beyond a reasonable doubt.). The
test for determining the sufficiency of the evidence is whether,
"after viewing the evidence in the light most favorable to the State,
any rational trier of fact could have found guilt beyond a
reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d
1068 (1992). A claim of insufficiency admits the truth of all of the
State's evidence. *Id*. All reasonable inferences must be drawn in
favor of the State and interpreted most strongly against the
defendant. *Id*.

19

20

21

22

23

Boswell's argument presupposes that Power's petition was not
admissible as substantive evidence. As noted above, he is
incorrect. Power's petition names Boswell as her attacker,
describes the attack against her, and describes him pointing a gun
and threatening Buie. This evidence sufficiently supports the
second degree assault conviction related to Buie and both firearm
enhancements. Yet additional evidence was admitted at trial
supporting these verdicts.

REPORT AND RECOMMENDATION - 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

> The State admitted Boswell's jail telephone calls in which he
> discussed getting rid of the gun by his car. The State also showed a
> video of Power's attacker pointing something at Buie, causing him
> to back away. We conclude the State presented more than
> sufficient evidence to sustain the challenged conviction and
> enhancements.

*Id.* The Washington Supreme Court denied review on January 5, 2022. *State v. Boswell*, 198 Wnd.2d 1038 (2022).

Respondent agrees the sole ground for relief Petitioner presents in his habeas petition was properly presented to the State Courts, is thus exhausted, and that the petition was timely filed. Dkt. 4 at 5. The sole habeas ground for relief presented here is therefore properly before this Court for adjudication.

## EVIDENTIARY HEARING

Petitioner requests the Court order an evidentiary hearing under Revised Code of Washington (RCW) 7.36.090. Dkt. 4 at 28. However, state law does not govern the grant of an evidentiary hearing in a federal habeas matter. Federal law governs and under *Cullen v. Pinholster*, 563 U.S. 170 (2011) Plaintiff's request should be denied.

As discussed below, Petitioner's claim the state courts adjudicated the habeas claim in the merits, and the state courts' rejection of the claims are neither contrary to or an unreasonable application of clearly established Supreme Court law or based upon an unreasonable determination of the facts given the record. Under these circumstances, this court is barred from conducting an evidentiary hearing to further develop the facts on petitioner's claims. *Pinholster* at 185 ("If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitations of § 2254(d)(1) on the record that was before the state court.")[2];

---

[2] The *Pinholster* limitation also applies to claims brought under § 2254(d)(2). *See Gulbrandson v. Ryan*, 738 F.3d 976, 993, n. 6 (9th Cir. 2013) ("*Pinholster* and the statutory text make clear

1    *see also Sully v. Ayers*, 725 F.3d 1057, 1075 (9th Cir. 2013) ("Although the Supreme Court has

2    declined to decide whether a district court may ever choose to hold an evidentiary hearing before

3    it determines that § 2254(d) has been satisfied . . . an evidentiary hearing is pointless once the

4    district court has determined that § 2254(d) precludes habeas relief.") (internal quotation marks

5    and citation omitted).

6        To the extent petitioner attempts to further develop the record through attachments and

7    exhibits, the attempt is also barred under *Pinholster* because *Pinholster* is applicable to motions

8    seeking additional discovery. *See Runningeagle v. Ryan*, 686 F.3d 758, 773–774 (9th Cir. 2012)

9    (*Pinholster* governs discovery, expansion of the record and evidentiary hearings); *Neng Saypao*

10   *Pha v. Swarthout*, No. 2:13-CV-1133 MCE GGH, 2015 WL 1787569, at *6 (E.D. Cal. Apr. 20,

11   2015), *subsequently aff'd sub nom. Neng Saypropha v. Gary Swarthout, Warden*, No. 15-16028,

12   2016 WL 4073503 (9th Cir. Aug. 1, 2016) ("*Pinholster* applies to all requests for evidentiary

13   hearing (and discovery) no matter the subject of the claim; it worked a sea change in federal

14   habeas corpus practice."); *Virgo v. Frauenheim*, 2018 WL 3831003 at * 12 (E.D. Cal., August

15   13, 2018) (The article petitioner attached to federal habeas pleading is precluded by *Pinholster's*

16   bar to supplementing facts adduced for the first time in federal proceedings where claim is

17   adjudicated on the merits.). Accordingly, the Court may not consider the exhibits, declarations

18   and attachments that counsel and petitioner submitted in support of relief. Dkts. 41, 43.

19       In sum, to determine if relief is available under 28 U.S.C. § 2254(d)(1) or (2), the Court's

20   review is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170 (2011).

21   _____

22   that this evidentiary limitation is applicable to § 2254(d)(2) claims as well. *See* § 2254(d)(2)
     (allowing for habeas relief if the state court decision "was based on an unreasonable

23   determination of the facts in light of the evidence presented in the State court proceeding.")
     (emphasis added); *Pinholster*, 131 S.Ct. at 1400 n. 7 (comparing (d)(1) to (d)(2) and stating that
     (d)(1) "also is plainly limited to the state-court record.") (Emphasis added)).

1    A hearing should not be held if the allegations would not entitle petitioner to relief under 28

2    U.S.C. § 2254(d). *Landrigan,* 550 U.S. at 474. "It follows that if the record refutes the

3    applicant's factual allegations or otherwise precludes habeas relief, a district court is not required

4    to hold an evidentiary hearing." *Id.*

5         Here, as discussed below, the Court concludes petitioner is not entitled to relief and the

6    habeas claim may be resolved by review of the existing record without further discovery or

7    supplementation of evidence presented for the first time; accordingly, no evidentiary hearing is

8    required because petitioner's allegations do not entitle him to habeas relief. The Court concludes

9    petitioner's request for evidentiary hearing, and any discovery should be denied. *See also Kemp*

10   *v. Ryan*, 638 F.3d 1245, 1269 (9th Cir. 2011) (When a habeas petitioner is not entitled to an

11   evidentiary hearing, then the petitioner's request for discovery is futile, and the court does not

12   abuse its discretion in denying it.).

13                                  **HABEAS REVIEW STANDARD**

14        A federal Court may not grant habeas relief unless the state court decision: "(1) was

15   contrary to clearly established federal law as determined by the Supreme Court, (2) involved an

16   unreasonable application of such law, or (3) . . . was based on an unreasonable determination of

17   the facts in light of the record before the state court." *See Fairbank v. Ayers*, 650 F.3d 1243,

18   1251 (9th Cir. 2011) (as amended); 28 U.S.C. § 2254(d)(1)–(2).

19        A state court's decision is contrary to clearly established federal law if it contradicts the

20   law set forth by the United States Supreme Court or reaches a result different than that reached

21   by the Supreme Court on materially indistinguishable facts. *See Terry Williams v. Taylor*, 529

22   U.S. 362, 405–06 (2000). A state court's decision is an unreasonable application of clearly

23   established federal law when the state court identifies the correct legal rule but applies it to a new

set of facts in a way that is objectively unreasonable. *See id*. at 407. "Clearly established federal law means the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Xiong v. Felker*, 681 F.3d 1067, 1073 (9th Cir. 2012) (citation omitted). A court's determination of clearly established law rests on a Supreme Court holding, not on circuit decisions. *See Wright v. VanPatten*, 552 U.S. 120, 125–26 (2008) (A Supreme Court case must have "squarely address[ed]" a certain issue and given a "clear answer" regarding the applicable legal rule to create "clearly established federal law.).

Turning to habeas relief based upon a claim the state court unreasonably determined the facts, "a federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004); *see also Miller–El I*, 537 U.S. 322, 340 (2010) ("[A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2).").

Additionally, state-court factual findings are presumed correct. This is a presumption the petitioner must overcome by clear and convincing evidence. *Davis v. Ayala*, 135 S. Ct. 2187, 2199–2200 (2015) (quotation and citation omitted). Consequently, even if reasonable minds reviewing the record might disagree about a state court's factual determination, a federal habeas court cannot supersede the trial court's determination." *Id.* at 2201.

In considering a habeas petition, a federal court reviews the "last reasoned decision" from the state court. Where the final state court decision contains no reasoning, the court looks to the last decision from the state court that provides a reasoned explanation of the issue. *See Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000). Where no state court decision

REPORT AND RECOMMENDATION - 8

articulates its underlying reasoning, "the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief. . .." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). When the state courts fail to provide reasoning for its decisions, a federal court must independently review the record and ascertain whether the state court's decision was objectively unreasonable." *Walker v. Martel*, 709 F.3d 925, 939 (9th Cir. 2013) (citation and internal quotation marks omitted)." "Crucially, this is not a de novo review of the constitutional question. Rather, even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citations and internal quotation marks omitted).

Finally, a federal court's review of a habeas claim is limited to the facts before the state court and the petitioner is not automatically entitled to an evidentiary hearing in federal court. *See Cullen v. Pinholster*, 131 S. Ct.1388, 1398 (2011). "An evidentiary hearing may be appropriate after *Pinholster* only if the district court first determines that the state court made an unreasonable application of federal law or made an unreasonable determination of facts based on the record before it." *Grecu v. Evans*, No. 07-0780-EMC, 2014 WL 5395783, at *17 (N.D. Cal. Oct. 22, 2014) (unreported).

## DISCUSSION

Petitioner contends habeas relief should be granted because the evidence presented to the Jury was insufficient to support his conviction in count two for assault with the deadly weapon enhancement. Petitioner does not argue the state courts unreasonably determined the facts. Rather he disagrees with the state court's legal conclusion that the facts presented to the jury were sufficient to support his conviction in count two. In specific, Petitioner contends "there was no evidence to support a finding that he was armed with a firearm during the altercation with the victim." Dkt. 4 at 24. Petitioner agrees he "possessed a gun at some point," "admitted to his

mother he had placed a gun in his car," but argues the "mere presence of a gun in the parking lot near the crime scene is insufficient."

Petitioner's argument rests on an incomplete picture of the evidence presented to the jury. The Washington Court of Appeals found, and there is no dispute the jury in Petitioner's case was presented with evidence that Police contacted Ms. Power and Mr. Buie, just 15 minutes after Ms. Power made a 911 call reporting Petitioner had attacked her. Petitioner's car was found in the alley behind Ms. Power's apartment and police found a loaded firearm there. Ms. Power's jaw was broken from the assault, and she told the police that Petitioner punched and threatened her with a gun. The next day, Ms. Powers filed a petition for a protection order averring under penalty of perjury that Petitioner punched her repeatedly and pulled a gun on Mr. Buie. While awaiting trial, Petitioner told his mother he had left the gun in his car and told Ms. Power he was not "taking" the gun because it was not on him when was caught. Ms. Power told Petitioner that she hoped he would beat the charges. At trial both Ms. Power and Mr. Buie denied Petitioner was the attacker. A police officer gave impeachment testimony that both Ms. Power and Mr. Buie told him Petitioner had punched Ms. Power four times and pulled gun on Mr. Buie.

Ms. Power's petition for protection order was also admitted as substantive evidence at trial that Petitioner had punched Ms. Power and pulled a gun on Mr. Bui. The jury was further shown a video of Ms. Power's attacker pointing something at Mr. Buie that caused him to back away. The state court concluded based upon all of the evidence presented, there was more than sufficient evidence to sustain the conviction in count two that Petitioner committed second-degree assault with a deadly weapon.

The Court finds the state court's finding that there was sufficient evidence to convict Petitioner as to count II, is not contrary to or an unreasonable application of clearly established

1   Supreme Court law. The Supreme Court has held it is the responsibility of the jury—not the

2   court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing

3   court may set aside the jury's verdict on the ground of insufficient evidence only if no rational

4   trier of fact could have agreed with the jury. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

5   Moreover, a federal court may not grant habeas relief on sufficiency of the evidence grounds

6   simply because the federal court disagrees with the state court. The federal court instead may do

7   so only if the state court decision was "objectively unreasonable." *Renico v. Lett*, 559 U.S. 766,

8   773 (2010).

9           Here, Ms. Power and Mr. Bui gave testimony which was inconsistent with what they

10  each told the police on the day of the crime, and inconsistent with Ms. Power's statement under

11  penalty of perjury. The jury obviously chose to believe the statements Ms. Power and Mr. Bui

12  gave the police on the day of the crime, and Ms. Power's sworn statement over the testimony

13  they later gave at trial. *See e.g., Lopes v. Campbell*, 408 Fed. Appx 13 (9th Cir. 2010) (Habeas

14  sufficiency of evidence claim rejected because a rational jury could have found witness's

15  statements to the police more credible than his later retractions of those statements).

16          Additionally, the jury viewed video evidence of the offense showing an object was

17  pointed at Mr. Buie causing him to back away, Petitioner's car was in the lot where the crime

18  occurred, a gun was found at the car, and Petitioner told his mother he placed a gun in his car.

19  This is circumstantial evidence that Petitioner was indeed armed with a gun on the day the

20  crimes were committed, and that he pointed the gun at Mr. Buie during the assaults. The Court

21  cannot say no rational fact finder could agree with the jury that Petitioner committed the second-

22  degree assault with a deadly weapon. The Court thus cannot say the Washington Court of

23  Appeals' finding that there was sufficient evidence to support the jury's finding and the

REPORT AND RECOMMENDATION - 11

conviction challenged here is contrary to or an unreasonable application of clearly established Supreme Court law. The Court accordingly recommends denying the habeas petition and dismissing the case with prejudice.

## CERTIFICATE OF APPEALABILITY

If the district court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court recommends petitioner not be issued a COA. No jurist of reason could disagree with this Court's evaluation of his habeas claim or would conclude that the issues presented deserve encouragement to proceed further. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Thus, Petitioner should not file a notice of appeal in the Court of Appeals for the Ninth Circuit should until the assigned District Judge enters a judgment. Objections, however, may be filed no later than **May 8, 2023.** The Clerk shall note the matter for **May 12, 2023**, as ready for the District Judge's consideration

if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed. The matter will then be ready for the Court's consideration on the date the response is due. The failure to timely object may affect the right to appeal.

DATED this 21st day of April, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 13